UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BARRET CHANDLER also known as
Barrett Chandler,

                    Plaintiff,

    v.                                  9:16-CV-0348
                                         (DNH/ATB)

HAROLD D. GRAHAM, Superintendent, Auburn
Correctional Facility, GERARD JONES, Deputy
Superintendent of Administration, Auburn
Correctional Facility, and JANE DOE WHITE,
Correction Officer, Auburn Correctional Facility,

                    Defendants.

---

APPEARANCES:                            OF COUNSEL:

BARRET CHANDLER
06-A-4122
Plaintiff, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

HON. ERIC T. SCHNEIDERMAN         TIMOTHY P. MULVEY, ESQ.
New York State Attorney General        Ass't Attorney General
Attorney for Represented Defendants
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

    Plaintiff Barret Chandler ("Chandler" or "plaintiff") commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 asserting allegations of wrongdoing that occurred, if at all, while plaintiff was incarcerated at Auburn Correctional Facility ("Auburn

C.F."). Dkt. No. 1 ("Compl."). Plaintiff subsequently filed an amended complaint, which is now the operative pleading. Dkt. No. 10 ("Am. Compl."); *see also* Dkt. No. 14.

The amended complaint alleges the following claims: (1) a Fourteenth Amendment due process claim against defendant Jones and (2) inadequate assistance claims against defendants White and Graham, all arising out of a disciplinary proceeding at Auburn C.F. in 2013. *See generally* Am. Compl. Defendants Graham and Jones have submitted an answer to Chandler's amended complaint. Dkt. No. 12. Presently under consideration is plaintiff's most recent motion, which has been liberally construed as requesting preliminary injunctive relief. Dkt. No. 17.

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).

However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).

A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global*

2

*Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim).

The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

Chandler is presently incarcerated at Green Haven Correctional Facility ("Green Haven C.F."). Plaintiff's motion for preliminary injunctive relief consists of two requests. First, plaintiff seeks an order directing Green Haven C.F. to give him "daily access" to the law library for a period of 60 days so that "he could have the opportunity to properly prepare [his] 'reply'" to defendants' answer to his amended complaint. Dkt. No. 17 at 1-2. Second, plaintiff alleges that in July, 2016, unidentified correctional officers at Green Haven C.F. harassed and threatened him, and refused to sign a disbursement form so that plaintiff could follow up on a complaint that he had sent to the Inspector General. *See*

3

*generally* Dkt. No. 17. Plaintiff therefore requests an order to protect him from the threatened violence. *Id*. at 2.

To the extent that Chandler seeks injunctive relief against unidentified correctional officers or other staff at Green Haven C.F. - who are not defendants in the present action - injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* FED.R.CIV.P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Moreover, to the extent that Chandler wants court-ordered access to the law library at Green Haven C.F. to prepare a reply to defendants' answer to the amended complaint, plaintiff is advised that a reply to an answer is only permitted "if the court orders one." *See* Fed. R. Civ. P. 7(a)(7). In this case, a reply to defendants' answer is not necessary. Upon completion of discovery, if and when a motion for summary judgment is filed, or if this action survives dispositive motions and proceeds to trial, plaintiff will have ample opportunity to refute defendants' answer.

Additionally, "'[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted). *See, e.g., Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (denying motion for preliminary injunction alleging use of excessive force and denial of medical care by non-

4

parties where complaint alleged denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007).

Here, Chandler's allegation that correctional officers at Green Haven C.F. have threatened and harassed him in July 2016 is not sufficiently related to the claims in the complaint that defendants denied him the right to due process and adequate assistance in connection with a disciplinary hearing held at Auburn C.F. in 2013. *See generally* Am. Compl.

Even if the allegations in Chandler's motion were related to the claims in the underlying complaint, the motion would still be denied because plaintiff has failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Accordingly, plaintiff's motion for preliminary injunctive relief (Dkt. No. 17) is denied.

THEREFORE, it is

ORDERED that

1. Plaintiff's motion for preliminary injunctive relief (Dkt. No. 17) is **DENIED**; and

5

2. The Clerk shall serve a copy of this Decision and Order on parties.

IT IS SO ORDERED.

Dated: August 19, 2016
       Utica, New York.

United States District Judge